Four Wheel Drive Auto Co. vs. Henry C. Miller } No. 73779.

December 2, 1930.

SUMNER, J. Plaintiff brought suit against the defendant to recover balance claimed to be due on the purchase price of a truck sold to the defendant and for other charges in connection with the truck. The jury returned a verdict for the defendant and plaintiff has filed its motion for a new trial.

Plaintiff and defendant entered into a written contract dated October 11, 1926, (some time after the truck had been delivered), wherein the plaintiff sold a truck with a dump body, known as Model M, for the price of $6740. No mention is made in the contract of the tonnage power of the truck. Plaintiff's agent testified that it was represented to be a 3½ to 5-ton truck and defendant claimed it was represented to be a 5-ton truck.

Including an allowance on a truck which was traded in, defendant paid $2300 and gave a note for $4440, the balance of the purchase price. Defendant made two other payments aggregating $746, and plaintiff finally repossessed the truck for default in payments.

Defendant contended that he did not get the 5-ton truck for which he bargained, although he admits that he did not find out that fact until after the truck was taken away from him and he apparently made no objections to payments on that ground. The truck broke down at least twice while in the possession of the defendant and plaintiff took the truck, made repairs and returned it to the defendant. As far as appears, the truck ran smoothly after that.

There was testimony that at the time the truck was delivered, it was tested out, viz.: was backed into a sand pit, was loaded, carried out the sand and was then weighed on McCormick's scales. There was uncontradicted testimony that the load weighed about 8½ tons at that time.

The defendant claimed that the truck at the time the load was weighed had a wooden dump body instead of the iron one that he had purchased, but this claim, if material, is not substantiated. The defendant offered a witness, Ferguson, a former salesman of the plaintiff, who sold the truck to defendant, and Ferguson testified that he represented to defendant that it was a 5-ton truck and that he decided that the truck did not meet the contract long before he was discharged by the plaintiff. He says the truck carried 5 tons but struggled to get the load out of the pit. One time he says he did not personally take a test of the truck and then again he says he tested it with a wooden body in a pit in East Providence. He further says he sold it with ability to draw trailers and carry five tons.

The Court was not impressed with the testimony of this witness, who seemed anxious to help the defendant. Possibly his discharge by the plaintiff had something to do with his attitude.

It does not appear that the defendant at any time offered to return the

truck as not meeting his contract. On the other hand, he made subsequent payments, one as late as in June, 1927, and he made a payment at this time in order to get possession of the truck again after it had been taken away from him by the plaintiff. He says he first learned that the truck was not a 5-ton truck from a Mr. Fredericks, in June, 1927, after the truck had finally been taken away from him, and Fredericks, it appears, was a salesman for a competing automobile company. Yet, he also testified that some time after he had signed the order, Ferguson handed him a writing which said it was a 3½ to 5-ton truck.

The defendant offered no testimony besides that of himself and Mr. Ferguson on the main issue, although he must have had employees who loaded the truck and drove it.

Seaman and Taylor, two employees of the plaintiff, testified that they were present when the truck was delivered and tested and that it carried 8½ tons at that time. Taylor says that he demonstrated the truck for the defendant in Rhode Island for more than thirty days and Seaman says that he was present when the order was taken by Mr. Ferguson and that it called for a 3½ to 5-ton chassis.

The Court feels that the verdict of the jury was not justified by the evidence and grants the motion of the plaintiff for a new trial.

For plaintiff: A. S. and A. P. Johnson, Jonas Sallet.

For defendant: George A. Breaden.